**UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF WISCONSIN**

---

EDWARD HORZEWSKI

     Plaintiff,

       v.                    Case No.: _____

RICK WENDT,

and

PARDEEVILLE FIRE DEPARTMENT,

     Defendants.

---

**COMPLAINT**

---

NOW COMES the plaintiff, Edward Horzewski, by his attorneys, Gingras, Thomsen & Wachs, LLP and hereby states the following as his Complaint in the above-referenced matter.

**NATURE OF PROCEEDINGS**

1. This civil action is brought pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution, to redress the retaliatory treatment of the plaintiff by the defendants.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because all claims arise under federal law.

3. Venue is proper under 28 U.S.C. § 1391 in that all of the acts alleged to have been committed by the defendants occurred within the Western District of Wisconsin.

**PARTIES**

4.    At all times relevant to this action, Edward Horzewski has been an adult resident of the State of Wisconsin. He presently resides within the Western District of Wisconsin.

5.    At all times relevant to this action, Defendant Rick Wendt has been the Chief of the Pardeeville Fire Department (hereinafter "Chief Wendt"). All conduct attributable to him described in this Complaint was undertaken intentionally and committed within the scope of his employment and under color of law.

6.    At all times relevant to this action, Defendant Pardeeville Fire Department is a fire protection service that serves the following Wisconsin municipalities: the Village of Pardeeville, the Town of Wyocena, the Town of Marcellon, and the Town of Scott. Defendant Pardeeville Fire Department is a distinct legal entity from any of the municipalities it serves.

**FACTUAL ALLEGATIONS**

7.    In or around October 2019, Horzewski joined the Pardeeville Fire Department (hereinafter "the Department") as a volunteer fire fighter.

8.    In or around January 2024, the members of the Department voted to make Horzewski a Lieutenant, which is designated as an "officer" level position.

9.    As a full member of the Pardeeville Fire Department, Horzewski could not be removed or suspended from the Department without cause or process.

10.    The Board of the Pardeeville Fire District (hereinafter "the Board") engages in limited oversight of the Department.

11.    The Board is composed of Trustees from each of the four municipalities serviced by the Department (*i.e.*, the Village of Pardeeville, the Town of Wyocena, the Town of Marcellon,

2

and the Town of Scott).

12.    As part of its oversight capacity, the Board confirms and formally appoints the Department's Fire Chief.

13.    The Bylaws in effect at the time relevant to this action stated, "The Fire Chief shall serve for [a] term of two (2) years unless earlier removed, for cause, by action of the Board."

14.    These Bylaws strictly prohibited the consumption of alcoholic beverages or the use of illegal drugs in or on the fire station premises.

15.    These Bylaws also stated, "The internal operations of the Volunteer Fire Department shall be the responsibility of said Fire Department, *as long as* they do not conflict with these By-Laws and policies duly established by the Board."

16.    On August 19, 2025, during a public meeting held by the Board, Horzewski provided a letter to each member of the Board to inform them of "safety issues, liability concerns, and issues that have been unable to be resolved within the department's chain of command."

17.    In this letter, Horzewski explained that "[t]here are many members [of the Pardeeville Fire Department] that have left due to frustration with our leadership, and even more that are afraid to speak up due to fear of the constant bullying and backlash from our current Chief and his son, the current Assistant Chief."

18.    Horzewski noted that, near the end of 2024, a group of concerned members started to casually meet outside of regular Department meetings, and away from Department property, to discuss how to make the Department better and how to ensure the Department complied with current state requirements.

19.    Horzewski explained that these concerned members all independently met with

Chief Wendt in private to discuss and address their concerns.

20.     Horzewski said that the group's concerns "all fell on deaf ears" and that "[h]aving these meetings to try and resolve issues with our current Chief has caused much division in our department."

21.     Horzewski then listed twelve issues that he had personally raised with Chief Wendt, including, but not limited to: Chief Wendt's acceptance of and participation in Department members drinking before/on the job; the Department's lack of policies or procedures that comply with state requirements; and the Department ignoring significant safety issues.

22.     Horzewski summarized how these issues are affecting the community and his plea for the Board to intervene as follows:

> While this is a lot to take in, I fear that without someone to hold our department and it's senior leadership accountable that we are going to be in the same boat as EMS with declining membership and low morale. The nepotism and lack of transparency in our current department have escalated beyond problematic. *They have become a systemic safety and liability concern for our community. I am asking the board to intervene in these issues and look for a resolution that benefits our community, and to allow the dedicated members we have left to continue to serve with pride and not in fear or retribution.* As the year goes on these problems are getting worse and I have sought several times to find some solutions within the department, both in private with our current Chief, and at Officers meetings. Most recently in June when it was brought up for a second time that I am being left out of communications, not being communicated with at all by our Chief and Assistant Chief, and others are being encouraged to not contact me. When brought up I was met with complete silence, not even an. Answer. *This retaliatory behavior has gone on too long and is posing safety and liability risks to membership and the citizens of our community.*

(Emphasis added).

23.     Less than a week after Horzewski provided his letter to the Board, Chief Wendt filed a complaint against Horzewski. Chief Wendt did not provide a copy of this letter to Horzewski in a timely fashion. Horzewski did not learn of the letter until the chief filed a response

4

in an administrative proceeding.

24.    Specifically, on Aug. 25, 2025, Chief Wendt filed a "complaint of misconduct" against Horzewski "on the grounds of not following the chain of command, putting false information on social media, and forming a committee without authorization."

25.    Based on these allegations, Chief Wendt requested Horzewski be subject to "a suspension with the possibility of dismissal."

26.    On August 26, 2025 (the day after Chief Wendt filed the "complaint of misconduct" against Horzewski), the Department issued a decision that Horzewski would be suspended from active duty with the Department for a period of 120 days, effective immediately.

27.    The Department immortalized this suspension decision in a letter that indicated, in part, "While we recognize that this is your first offense, the nature of the conduct necessitates a firm response to maintain the integrity, professionalism, and standards expected of all Department members."

28.    This suspension letter did not provide a specific offense that Horzewski committed, but rather stated, "If you have questions regarding the reason for the disciplinary action or wish to request a meeting to discuss the matter further, you may contact the Fire Chief. Rick Wendt."

29.    Horzewski was away from the Fire Department on a pre-planned work trip from August 24, 2025, until August 30, 2025.

30.    Horzewski did not receive immediate notice of his suspension or the reasons for said suspension.

31.    Rather, on August 26, 2025, Horzewski texted Chief Wendt after receiving multiple email notifications from the Fire Departments "IamResponding" system stating that Horzewski's

5

profile had been updated several times.

32.     Horzewski and Chief Wendt's text exchange on August 26, 2025, proceeded as

follows:

> Horzewski: Was I removed from iamresponding tonight? It appears that way as I
> am unable to [redacted] and received 4 or 5 emails [redacted] my profile was
> updated.
> Horzewski: I was also not contacted prior to that happening.
> Chief Wendt: You will be getting a letter in the mail.
> Horzewski: From who?
> Horzewski: Are you not going to inform me why I have been removed from the
> system with no notice?
> Chief Wendt: From the officers.
> Horzewski: So the officers have removed me from the I am responding system?
> Chief Wendt: I did as I am the administrator.
> Horzewski: How am I supposed to respond to a call?
> Chief Wendt: It's all in the letter.
> Horzewski: Well when I get back from my work travel will I have this letter?
> Horzewski: I have a right to know if action has been taken without my presence at
> a meeting.

33.     Horzewski did not receive the suspension letter until he returned from his work trip

on or around August 30, 2025.

34.     After reviewing the content of the letter, Horzewski again contacted Chief Wendt

by text to seek clarification regarding what alleged misconduct resulted in his suspension.

35.     Chief Wendt responded that the following "misconduct" warranted Horzewski's

suspension:

> *Displaying misinformation on a social media platform* which misrepresented the
> department and the leadership.

> Formed an outside committee not appointed by the Chief.

> *Provided misinformation to the fire commission in a letter which was not provided
> to the Chief nor leadership.* The concerns were never mentioned to leadership or
> the Chief. Only a portion of the letter has been received by the department.

6

*Failure to follow the chain of command*. Also see Section 10[A] from the start.

(Emphasis added).

36.    When Horzewski asked what social media post displayed misinformation, Chief

Wendt and Horzewski had the following text exchange:

Horzewski: What social media was misrepresented? This has never been brought
to my attention.
Chief Wendt: Mmm. Check your August 17th Post.
Horzewski: Where
Chief Wendt: You should know where you put it.
Horzewski: I am asking you what I am being disciplined for. Please advise.
Chief Wendt: I just told you. Hello.

37.    On or around October 9, 2025, a letter was sent to the members of the Department

advising them of an upcoming vote on whether to dismiss Horzewski from the Department.

38.    This letter described the allegations against Horzewski in an exaggerated and

inflammatory manner. Specifically, accusing Horzewski of the following:

[A] failure to follow the chain of command in bringing forward concerns with
department policies and personnel, including *airing grievances* on social media and
writing letters of complaint *to blindside* Department leadership at a public meeting
of the Pardeeville Fire Protection District Board.

In addition, Lt Horzewski was involved with the creation of an unauthorized
committee of members, to discuss personnel and formulate plans *to undermine*
current Department leadership.

(Emphasis added).

39.    This letter asserted that, "[g]iven these actions and a *general mistrust* going

forward, this is immediate grounds to consider a vote to dismiss." (Emphasis added).

40.    On or around October 28, 2025, the Membership of Pardeeville Fire Department

voted affirmatively to dismiss Horzewski.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION AGAINST WENDT:
### VIOLATION OF FIRST AMENDMENT RIGHTS

41.    The plaintiff realleges and incorporates the preceding paragraphs as if set forth fully herein.

42.    By providing the Board with his letter at a public meeting held on August 19, 2025, Horzewski engaged in protected speech by speaking as a citizen on a matter of public concern.

43.    Based on the "complaint of misconduct" that Chief Wendt filed on August 25, 2025, and the subsequent disciplinary action(s), Horzewski suffered a deprivation likely to deter protected speech.

44.    Horzewski's letter to the Board was a motivating factor for Chief Wendt filing a "complaint of misconduct" and leading the charge for the subsequent disciplinary action(s) against Horzewski.

45.    Chief Wendt's retaliatory actions have caused Horzewski damages.

### SECOND CAUSE OF ACTION AGAINST PARDEEVILLE FIRE DEPARTMENT:
### VIOLATION OF FIRST AMENDMENT RIGHTS

46.    The plaintiff realleges and incorporates the foregoing paragraphs as if set forth fully herein.

47.    By providing the Board with his letter at a public meeting held on August 19, 2025, Horzewski engaged in protected speech by speaking as a citizen on a matter of public concern.

48.    Based on his suspension and later dismissal, Horzewski suffered a deprivation likely to deter protected speech.

8

49.    Horzewski's letter to the Board was a motivating factor for the Department suspending and later dismissing him.

50.    The Department's retaliatory actions against Horzewski were caused by an individual with final policy making authority.

51.    The Department's retaliatory actions are emblematic of a widespread custom or practice of attacking those who voice concerns about the Department. As described in Horzewski's letter to the Board, multiple members of the Department have been forced to either remain silent or leave the Department based on their fear of the Department's retributive actions.

52.    The Department's retaliatory actions have caused Horzewski damages.

**WHEREFORE**, the plaintiff demands the following relief:

A.    An award of compensatory damages against the defendants that will justly compensate the plaintiff for his losses;

B.    An award of punitive damages against Rick Wendt for the willful, wanton and reckless acts he committed against the plaintiffs;

C.    An award of plaintiff's reasonable attorneys' fees and costs incurred in this action;

D.    Pre- and post-judgment interest; and

E.    Such other relief as the Court deems just and appropriate.

## JURY DEMAND

The plaintiff respectfully requests that this matter be tried before a jury of six (6) competent persons.

*(Signature on following page)*

9

Dated this May 29th, 2026.

                                 **GINGRAS THOMSEN & WACHS LLP**
Attorneys for Plaintiffs


*s/ Paul A. Kinne*
Paul A. Kinne
State Bar Number: 1021493
Peter Kelly-Smith
State Bar Number: 1128245

8150 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
Fax: (608) 833-2874
Email: kinne@gtwlawyers.com
            Pkellysmith@gtwlawyers.com

10